[No. A072034. First Dist., Div. Five. June 5, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS ZUNIGA, Defendant and Appellant.

## COUNSEL

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Gregory A. Ott, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HANING, J.**—Carlos Zuniga, also known as Antonio Vargas, appeals the imposition of a state prison sentence following revocation of probation. He contends the court failed to state its reasons for sentencing him to prison rather than reinstating probation. We affirm.

### FACTS

Since this appeal involves only a sentencing issue a detailed recitation of facts is unnecessary. In March 1995, after appellant pled guilty to sale of cocaine (Health & Saf. Code, § 11352, subd. (a)), imposition of sentence was suspended and appellant was placed on three years' probation. Following his May 21, 1995, arrest for possession of rock cocaine for sale, the district attorney moved to revoke probation.

At the probation revocation hearing evidence was presented that on May 21, 1995, two San Francisco plainclothes officers spotted appellant in an

area known for narcotics sales talking to a passenger in a parked car. Appellant then spit a small white rock-like object into his hand. Believing the act to be part of a narcotics transaction, the officer confronted appellant, who clenched his fist and started to walk away. After a struggle, appellant dropped the rock-like object to the ground and was arrested.

At the conclusion of the probation revocation hearing the following colloquy occurred:

"THE COURT: The court finds after hearing that the People have proven by a preponderance of the evidence that [appellant] is in violation of his probation. [¶] Therefore, [appellant's] probation is revoked. [¶] Is there any legal cause why judgment should not now be pronounced?

"[DEFENSE COUNSEL]: No, your Honor.

"THE COURT: Let's go off the record just a minute to figure up his credits.

"([PROCEEDINGS] OFF THE RECORD.)

"THE COURT: Back on the record. [¶] Mr. Zuniga, the court is going to sentence you as follows: You are sentenced to serve three years in state prison. That's the mitigated term. [¶] The court is imposing this term because of your relatively short prior record and because you have before this court no history of violence. [¶] He will be given credit for time served of 245 days actual time plus 122 Sage credits. That is based upon the 120 days that he served on the prior sentence plus 125 days of actual time since his arrest on May 21st, 1995. [¶] At the expiration of your period of incarceration, Mr. Zuniga, you will be placed on parole for a period not to exceed 48 months unless waived for good cause by the board of prison terms. [¶] If you violate any provision of your parole grant, your parole may be revoked and you could be incarcerated for a period not to exceed 12 months in each instance of revocation. [¶] The total time spen[t] in custody due to revocation of parole and the limit of parole itself may not exceed 48 months. [¶] Do you understand this, sir?

"APPELLANT: Yes.

"THE COURT: Thank you, counsel."

## DISCUSSION

Appellant contends the court erred in failing to state its reasons for sentencing him to state prison rather than reinstating probation. The People

rejoin that appellant waived the issue on appeal by failing to object at the time of sentencing. (See *People* v. *Scott* (1994) 9 Cal.4th 331, 352-353 [36 Cal.Rptr.2d 627, 885 P.2d 1040] [waiver doctrine applies, inter alia, to claims involving the sentencing court's failure to state reasons for its sentencing choices].)

Appellant contends that in this case the issue was not waived because he did not have a meaningful opportunity to object. He relies on the following language in *Scott*: "Of course, there must be a meaningful opportunity to object to the kinds of claims otherwise deemed waived by today's decision. This opportunity can occur only if, during the course of the sentencing hearing itself and before objections are made, the parties are clearly apprised of the sentence the court intends to impose and the reasons that support any discretionary choices." (*People* v. *Scott, supra,* 9 Cal.4th at p. 356.) Appellant contends that because the court did not announce a tentative ruling of its intent to impose a prison term he was denied a meaningful opportunity to object.

We think appellant's reading of *Scott* is too narrow. We do not interpret *Scott*'s use of the phrase "meaningful opportunity to object" to require a tentative ruling in advance of the actual sentence. In our view, a meaningful opportunity to object means that the defendant be given the opportunity to address the court on the matter of sentence and to object to any sentence or condition thereof imposed by the court. In short, it refers to procedural due process which, although not subject to precise definition (see, e.g., *Collins* v. *Superior Court* (1957) 150 Cal.App.2d 354, 363 [310 P.2d 103]), requires notice and an opportunity to be heard. "The fundamental requisite of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. [Citations.]" (*Cordova* v. *Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1531 [242 Cal.Rptr. 605].)

The record here reveals that at the time his probation was revoked appellant was in court with counsel, was given the opportunity to address the court on the sentencing issue, heard the court pronounce sentence, stated that he understood it, and voiced no objections when he received the mitigated term. Nothing in the record suggests that appellant or defense counsel was precluded from objecting to the sentence or was in any way denied a meaningful opportunity to state his case for an alternative sentence or question the court's reasons for a prison sentence. The record also reveals a presentence report by the probation officer recommending that probation be revoked and the previously suspended sentence be imposed. Consequently, procedural due process—"a meaningful opportunity to object"— was provided.

The judgment is affirmed.

Peterson, P. J., and King, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 18, 1996.