Opinion
 

 STONE (W. A.), J.
 

 Antonio Bautista was charged with kidnapping with intent to commit rape (Pen. Code,
 
 [1]
 
 §§ 207, subd. (a), 208, former subd. (d)), and assault with intent to commit rape. Pursuant to a plea agreement, he entered a plea of no contest to a lesser charge of false imprisonment. (§ 236.) As a condition of probation the court ordered Bautista to register as a sex offender. He claims the case must be remanded for resentencing because the
 
 *867
 
 court failed to state the reasons for requiring sex offender registration as required by section 290, subdivision (a)(2)(E). We will find the issue is not preserved for appeal and in any event the defect is harmless.
 

 Factual Basis for the Plea
 

 On the night of July 18, 1996, Bautista, his brother Sergio and cousin, Javier, forced a 15-year-old alleged transvestite into a laundry room where Javier attempted to convince the boy to have sex. Bautista and Sergio waited outside. Javier told the boy he would not leave the laundry room until they had sex. In an effort to create an opportunity to escape, the boy eventually agreed to have sex with Javier, but suggested they go somewhere other than the laundry room. Bautista assisted Sergio and Javier in pulling the boy to a nearby park bench where they held the boy while Javier tried to remove his pants. When the boy struggled to escape Bautista hit him in the face several times and told him to do what Javier wanted him to do. When the boy said he would tell the police, all three men said they would kill him and his family when they got out of jail. They threatened to beat him “until he was bloody” and unconscious if he did not do as he was told. Sergio and Bautista gave up and left the scene when it became apparent the boy would not comply. Javier continued to try to force the boy to have sex, but ran when a woman approached and asked the boy if he needed help. The incident was reported to the police who subsequently apprehended Bautista and Sergio, but never found Javier.
 

 Discussion
 

 Section 290, subdivision (a)(2)(E) authorizes the court to order a defendant to register as a sex offender even if the offense is not listed as a sex offense “if the court finds at the time of conviction that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification.” If the court requires registration pursuant to subdivision (a)(2)(E) it must “state on the record the reasons for its finding and the reasons for requiring registration.”
 

 The court imposed sex offender registration as a condition of Bautista’s probation, stating, “I find it’s appropriate in this case in view of the circumstances surrounding the offense.” In his opening brief Bautista claimed the matter must be remanded for the court to provide a statement of reasons for requiring registration. Respondent initially conceded the error
 
 *868
 
 and agreed the case should be remanded. We directed the parties to brief the issues of waiver and harmless error.
 
 [2]
 

 I.
 
 Waiver
 

 First, although Bautista claims the court failed to state reasons for requiring registration, since the court stated it believed registration was appropriate “in view of the circumstances surrounding the offense[,]” the defect, if any, is not the failure to state reasons, but the failure to state adequate reasons.
 

 It is now settled a defendant cannot complain for the first time on appeal about the court’s failure to state reasons for a sentencing choice.
 
 (People
 
 v.
 
 Scott
 
 (1994) 9 Cal.4th 331, 356 [36 Cal.Rptr.2d 627, 885 P.2d 1040];
 
 People
 
 v.
 
 Middleton
 
 (1997) 52 Cal.App.4th 19, 35-36 [60 Cal.Rptr.2d 366];
 
 People
 
 v.
 
 Zuniga
 
 (1996) 46 Cal.App.4th 81, 84 [53 Cal.Rptr.2d 557];
 
 People
 
 v.
 
 Neal
 
 (1993) 19 Cal.App.4th 1114, 1117-1124 [24 Cal.Rptr.2d 129].) Bautista objected to the registration requirement, but did not object to the court’s failure to provide a more complete statement of reasons for its findings and for requiring registration. This routine defect could easily have been prevented and corrected had it been brought to the court’s attention.
 
 {People
 
 v.
 
 Scott, supra, 9
 
 Cal.4th at p. 353.)
 

 Bautista contends the waiver doctrine does not preclude him from complaining of the defect on appeal because he was not “clearly apprised” of the reasons supporting the registration requirement. He relies upon language in the
 
 Scott
 
 opinion.
 

 “Defendant further claims that a rule requiring a contemporaneous objection to defects in the court’s statement of reasons is impractical. He insists it is unrealistic to expect counsel to comprehend, remember, and respond to the various sentencing factors and choices delivered orally by the court at the hearing. Defendant also asserts that courts typically solicit argument from counsel
 
 before
 
 pronouncing sentence, and that attempts to challenge the court’s ruling after it is announced are usually discouraged or futile. [¶] We
 
 *869
 
 recognize that pronouncement of sentence is a highly technical process encompassing a wide variety of procedural and substantive matters. Various manuals and rules of court instruct trial judges on the precise nature, chronology, and form of issues to be addressed at sentencing. As defendant suggests, and so far as we can tell, such materials generally provide no guidance on whether or how the court should accommodate objections by the parties to its statement of reasons and sentencing choices. [Citations.] [¶] Of course, there must be a meaningful opportunity to object to the kinds of claims otherwise deemed waived by today’s decision. This opportunity can occur only if, during the course of the sentencing hearing itself and before objections are made, the parties are clearly apprised of the sentence the court intends to impose and the reasons that support any discretionary choices.”
 
 (.People
 
 v.
 
 Scott, supra,
 
 9 Cal.4th at pp. 355-356; italics in original, underscoring added.)
 

 We reject Bautista’s argument to the extent he interprets the emphasized language as requiring the trial court at the sentencing hearing to state the reasons supporting its discretionary choices before a defendant can be deemed to have waived the court’s failure to state reasons. Such an interpretation would all but nullify the waiver rule of
 
 Scott.
 

 The two cases besides
 
 Scott
 
 which we cited in our letter requesting briefing on the question of waiver interpret the language at issue somewhat differently.
 

 People
 
 v.
 
 Middleton, supra,
 
 52 Cal.App.4th 19, construed the language as imposing “significant restrictions on the waiver rule” and concluded “waiver does not apply if the sentencing court did not provide a tentative ruling which includes the court’s discretionary choices and supporting reasons.” (52 Cal.App.4th at p. 37.) In that case the trial court announced in its tentative decision it was imposing a consecutive sentence because the “ ' defendant lied to the court and the jury concerning the entire set of circumstances relating to the killing of Mr. Olson, and the forgery of his checks, and the taking of his property.’ ” (52 Cal.App.4th at p. 36.) On appeal, the defendant requested a remand for resentencing because the court did not “specify the findings as they related to the elements of perjury.”
 
 (Ibid.)
 
 In holding the defendant waived the absence of specific findings, the
 
 Middleton
 
 court concluded, without discussion, the trial court’s tentative ruling included supporting reasons. (52 Cal.App.4th at p. 37.)
 

 In
 
 People
 
 v.
 
 Zuniga, supra,
 
 46 Cal.App.4th at page 81, the trial court revoked defendant’s probation and imposed a state prison term without providing a statement of reasons for sentencing him to prison rather than
 
 *870
 
 reinstating him to probation. The defendant claimed he had not waived the error because he had no “meaningful opportunity to object” since the court failed to announce a tentative ruling. In holding defendant waived the error, the
 
 Zuniga
 
 court interpreted
 
 Scott's
 
 use of the phrase “meaningful opportunity to object” as referring to basic procedural due process.
 

 “We do not interpret
 
 Scott's
 
 use of the phrase ‘meaningful opportunity to object’ to require a tentative ruling in advance of the actual sentence. In our view, a meaningful opportunity to object means that the defendant be given the opportunity to address the court on the matter of sentence and to object to any sentence or condition thereof imposed by the court. In short, it refers to procedural due process which, although not subject to precise definition [citation], requires notice and an opportunity to be heard. ‘The fundamental requisite of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. [Citations.]’
 
 (Cordova
 
 v.
 
 Vons Grocery Co.
 
 (1987) 196 Cal.App.3d 1526, 1531. . . .) [¶] The record here reveals that at the time his probation was revoked appellant was in court with counsel, was given the opportunity to address the court on the sentencing issue, heard the court pronounce sentence, stated that he understood it, and voiced no objections when he received the mitigated term. Nothing in the record suggests that appellant or defense counsel was precluded from objecting to the sentence or was in any way denied a meaningful opportunity to state his case for an alternative sentence or question the court’s reasons for a prison sentence. The record also reveals a presentence report by the probation officer recommending that probation be revoked and the previously suspended sentence be imposed. Consequently, procedural due process—‘a meaningful opportunity to object’—was provided.”
 
 (.People
 
 v.
 
 Zuniga, supra,
 
 46 Cal.App.4th at p. 84.)
 

 We agree with
 
 Middleton
 
 and
 
 Zuniga
 
 to the extent they focus on determining whether the record reflects the parties have been apprised of the intended sentence and reasons supporting any discretionary choices, so that there is a meaningful opportunity to object to those choices.
 

 We now turn to the present case. Before approving the plea agreement which provided for the charges to be reduced from assault and kidnapping with intent to commit rape to false imprisonment, the court was advised the agreement provided for no more than one year in jail and three years of felony probation. Since sex offender registration had not been mentioned, the court inquired, “And it’s not registerable even though it’s with intent to commit rape?” The prosecutor responded, “Is registerable with the discretion that it’s discretionary with the Court under 290. I think [it’s] either B or D where they have added a catch-all phrase that says that the judge decides the
 
 *871
 
 offense to which he had pled is motivated by sexual compulsion. He is free to order registration so it notes not mandatory registration but it’s discretionary.” Before accepting his plea, the court advised Bautista he would be required to register as a sex offender “if the court thinks that is appropriate for you in this case.” The recommended terms of probation included registration as a sex offender “if appropriate.”
 

 We conclude the court clearly apprised Bautista before imposition of sentence that its reason for requiring registration would be that the offense was committed with the intent to commit rape. There was ample meaningful opportunity for him to argue against registration. The court’s failure to articulate this reason more clearly is a defect which could have been corrected by a timely objection. He cannot raise the defect for the first time on appeal.
 

 II.
 
 Prejudice
 

 In order to forestall a future claim of ineffective assistance of counsel, we also find it not reasonably probable the court would have omitted registration from its order had it been brought to the court’s attention that a more complete statement of reasons was required.
 
 {People
 
 v.
 
 Osband
 
 (1996) 13 Cal.4th 622, 729 [55 Cal.Rptr.2d 26, 919 P.2d 640].) It would be a needless waste of judicial resources to remand to allow the court to state that sex offender registration is appropriate because the offense was committed with the intent to commit rape.
 

 Disposition
 

 The judgment is affirmed.
 

 Ardaiz, P. J., and Levy, J., concurred.
 

 [1]
 

 All further statutory references are to the Penal Code unless otherwise indicated.
 

 [2]
 

 Our briefing letter asked: “1. Whether any shortcomings in the court’s statement of its finding and reasons for ordering registration pursuant to Penal Code section 290, subdivision (a)(2)(E) were waived by failure to timely object on that basis
 
 (People
 
 v.
 
 Scott
 
 (1994) 9 Cal.4th 331, 348-358 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; see also
 
 People
 
 v.
 
 Middleton
 
 (1997) 52 Cal.App.4th 19, 36-37 [60 Cal.Rptr.2d 366];
 
 People
 
 v.
 
 Zuniga
 
 (1996) 46 Cal.App.4th 81 [53 Cal.Rptr.2d 557]). “2. Whether any error by the sentencing court in failing to adequately articulate reasons for ordering registration was prejudicial in light of the information before the court (cf.
 
 People
 
 v.
 
 Osband
 
 (1996) 13 Cal.4th 622, 729 [55 Cal.Rptr.2d 26, 919 P.2d 640];
 
 People
 
 v.
 
 Chi Ko Wong
 
 (1976) 18 Cal.3d 698, 721-723 [135 Cal.Rptr. 392, 557 P.2d 976]).”