Filed 11/4/13  P. v. Wallace CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TROY LEE WALLACE,<br><br>    Defendant and Appellant. | C070640<br><br>(Super. Ct. No. 12F368) |

Defendant Troy Lee Wallace pleaded no contest to unlawful sexual intercourse and oral copulation with a minor.  Among other things, the trial court sentenced defendant to lifetime registration as a sex offender and imposed a $1,140 fine, including a $300 fine pursuant to Penal Code section 290.3.

On appeal, defendant challenges the trial court's discretionary order requiring him to register as a sex offender.  Defendant claims the order violates equal protection, and further claims the record does not establish that the trial court understood and exercised

1

its discretion in ordering sex offender registration. In addition, defendant claims there was insufficient evidence to support the order for sex offender registration, and the trial court did not state on the record that it had applied the beyond a reasonable doubt standard. Defendant further challenges the sex offender registration requirement on the ground that the residency restriction is punitive, and thus a jury must make the necessary factual findings beyond a reasonable doubt. Finally, defendant claims the trial court imposed an unauthorized fine.

We conclude defendant's equal protection challenge to the sex offender registration requirement lacks merit, and he forfeited his other appellate challenges to the registration requirement. We further conclude the trial court relied on substantial evidence in imposing the registration requirement and did not abuse its discretion. Regarding the challenged fine, we conclude it was correctly imposed and accurately reflected in the judgment and in the abstract of judgment.

We will affirm the judgment.

BACKGROUND

Because defendant pleaded no contest, the factual record is limited to the trial court's confidential sentencing report. Defendant had been the boyfriend of the 16-year-old victim's mother for three years and had lived with the family for two years when "[e]verything started" in October or November. The victim said defendant began inserting his finger in her vagina while she slept, then progressed over time to repeated incidents of oral copulation and intercourse.

In mid-January the mother was out of town and defendant was at home with the children. The victim called the mother and told her defendant touched her inappropriately. When the mother confronted defendant, he acknowledged sex with the victim and apologized for cheating on the mother. The mother called police.

The victim recounted that, on the day she called her mother, she fell asleep on the family's sofa while defendant gave her a massage. She woke up to find her pajamas and

2

underwear pulled down to her mid-leg and a condom wrapper on the floor. In a subsequent recorded pretext call, defendant admitted having intercourse with the victim three times and engaging in oral copulation with her four times.

Defendant was charged with three counts of unlawful sexual intercourse with a 16 year old more than three years younger than defendant and not his spouse (Pen. Code, § 261.5, subd. (c)),[1] four counts of oral copulation with a person under the age of 18 (§ 288a, subd. (b)(1)), one count of digital penetration of genital and anal openings of a person under the age of 18 (§ 289, subd. (h)), and one count of unlawfully annoying and molesting a child (§ 647.6, subd. (a)(1)). All nine offenses were alleged to have occurred between October 15, 2011, and January 17, 2012.

Defendant pleaded no contest to one count of violating section 261.5 and one count of violating section 288a, in exchange for dismissal of the other counts and the imposition of a maximum prison sentence of two years eight months. The plea agreement included a statement initialed by defendant that he "may have to register as a sex offender" under section 290. Defendant acknowledged on the record that he read and understood the plea agreement and conferred with counsel about it before he signed it.

After reviewing a sentencing report, the trial court imposed the maximum prison term allowed by the plea agreement, ordered defendant to register as a sex offender and imposed a fine of $1,140.

## DISCUSSION

### I

Defendant challenges the trial court's discretionary order requiring him to register as a sex offender. He claims the order violates equal protection, and further claims the record does not establish that the trial court understood and exercised its discretion in

---

[1] Undesignated statutory references are to the Penal Code.

3

ordering sex offender registration. In addition, defendant claims there was insufficient evidence to support the order for sex offender registration, and the trial court did not state on the record that it had applied the beyond a reasonable doubt standard. Defendant further challenges the sex offender registration requirement on the ground that the residency restriction is punitive, and thus a jury must make the necessary factual findings beyond a reasonable doubt.

Section 290.006 authorizes a trial court to order discretionary sex offender registration "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." When imposing the registration requirement, the court is required to "state on the record the reasons for its findings and the reasons for requiring registration." (§ 290.006.)

The trial court made the following statement on the record: "I will impose the requirement that he register under Penal Code Section 290. I'll note in this particular instance Mr. Wallace, the defendant, is more than 20 years older than the victim. I do notice [the prosecutor] points out there are a number of other counts that were dismissed which would have carried a 290 registration. [Defendant] is only fortunate that those counts were dismissed. There has been no indication there was a romantic involvement in here, as we do have often in the case of the 16- 17-year-old and the 23-, 24-year-old individuals."

In the trial court, defendant's only objection to the registration requirement was a reference to *People v. Hofsheier* (2006) 37 Cal.4th 1185, which defendant said "makes it clear that a 288a(b)(1)[oral copulation] is not a registerable offense under the equal protection laws." In *Hofsheier*, the court held that, all other things being equal, those charged with sexual intercourse should be treated the same as those charged with oral copulation and that *both* trigger consideration for *discretionary* registration. (*Id.* at pp. 1208-1209.) Before the decision in *Hofsheier*, a conviction for oral copulation

triggered *mandatory* registration. (*Id*. at p. 1194.) But in this case, defendant was convicted of both unlawful sexual intercourse and oral copulation, and thus was subject to discretionary registration under section 290.006. His assertion of *Hofsheier* was unavailing and he made no other objections.

Having failed to object to the sufficiency of the evidence at sentencing or the trial court's alleged failure to state that it applied the appropriate standard, defendant forfeited those appellate contentions. (*People v. Bautista* (1998) 63 Cal.App.4th 865, 868.) He also forfeited the arguments presented for the first time on appeal asserting application of a heightened evidentiary standard based on the constitutional implications of imposing residency restrictions on registrants.[2] (*People v. Ervine* (2009) 47 Cal.4th 745, 783 [claims of constitutional error are forfeited unless the trial court's failure to correct an *asserted* error had the additional consequence of violating the Constitution]; *People v. Marchand* (2002) 98 Cal.App.4th 1056, 1058 [objection to sex offender registration forfeited when not raised at time sentence was imposed and, in any event, registration is not punishment or penalty for purposes of constitutional analysis].)

Defendant argues the trial court did not understand or exercise its discretion in ordering registration. But the record does not support such a conclusion. The trial court explicitly distinguished this case from those where there was a romantic relationship between an underage victim and a slightly older defendant. (See *Lewis v. Superior Court* (2008) 169 Cal.App.4th 70, 78-79 [no registration when there had been only one offense by a 22-year-old defendant against a 17-year-old victim and there was no evidence of coercion].) Moreover, the trial court quoted the sentencing report's statement that this

---

[2] The question whether the residency restriction is unconstitutional as applied is currently pending review in the California Supreme Court. (*In re Taylor* (2012) 209 Cal.App.4th 210, review granted Jan. 3, 2013, S206143; *People v. Mosley* (2010) 188 Cal.App.4th 1090, review granted Jan. 26, 2011, S187965; *In re J.L.* (2010) 190 Cal.App.4th 1394, review granted Mar. 2, 2011, S189721.)

5

case represented "the ultimate betrayal" of the victim and her mother. The sentencing report made that statement based on evidence that defendant knew the victim had emotional "problems," told her the sexual conduct was "all [her] fault," claimed to have treated her as his own child and yet also said she dressed provocatively and "[came] on to him," which led him to "g[i]ve in" and "mess[] around" with her. The record reflects that the trial court understood its discretion and exercised it appropriately.

## II

Defendant next contends the trial court imposed an unauthorized fine. After imposing the other elements of defendant's sentence, the trial court directed defendant "to pay the Penal Code 290.3 $1,440 [*sic*] fee" and then, after counsel waived further enunciation of the statutory bases for the fines and fees, the trial court directed that the fees "appear in writing as they do appear on the probation department's recommendation." The trial court's formal order of judgment tracked the probation department's recommendation, correcting the total to $1,140 and identifying each component by statutory reference, only the first of which was $300 pursuant to section 290.3. Defendant agrees that $300 is the proper fine under that section. The judgment order and the abstract of judgment accurately reflect that the $300 fee associated with section 290.3 was just one component of the fee imposed. There was no error.

## DISPOSITION

The judgment is affirmed.

                                                                    MAURO               , J.

We concur:

                    BLEASE           , Acting P. J.

                    HULL             , J.