Filed 11/27/13  P. v. Vass CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Glenn)

--

| | |
|---|---|
| THE PEOPLE, | C072456 |
| Plaintiff and Appellant, | (Super. Ct. No. 12SCR07664) |
| v. | |
| TRAVIS ROBERT VASS, | |
| Defendant and Respondent. | |

This is a People's appeal from an order of the trial court terminating early the probation of defendant Travis Robert Vass following his conviction for felony child endangerment.  (Pen. Code, § 273a, subd. (a).)[1]  The People contend the trial court's order terminating probation was unlawful because the court failed to make a finding on the record that early termination of probation would serve the best interests of justice.  Alternatively, the People contend the trial court abused its discretion in terminating defendant's probation early, in failing to independently evaluate whether defendant complied with all the conditions of his probation, and in failing to provide the prosecutor with advance written notice of defendant's motion to terminate probation early.

_____

[1]  Undesignated statutory references are to the Penal Code.

1

Because we agree the trial court abused its discretion in failing to provide, or in failing to require defense counsel to provide, the advance written notice to the prosecutor contemplated by section 1203.3, subdivision (b)(1), we shall reverse the trial court's order and remand the matter so the court may conduct a hearing after the prosecutor has received the requisite written notice.

**FACTUAL BACKGROUND**

Defendant shoved his girlfriend while she was holding a child. Thereafter, in May 2011, defendant pleaded no contest in the Superior Court of Butte County case No. CM034467 to one count of child endangerment. Defendant was placed on five years of formal probation (§ 273a, subd. (c)(1)), and his probation was conditioned (as relevant to this appeal) on his successful completion of an approved batterer's treatment program, and an approved child abuser's treatment program. Domestic violence protective orders were also entered as conditions of defendant's probation, prohibiting him from harassing and assaulting his girlfriend and her child.

In June 2012, defendant was accepted by Glenn County as a transfer probationer. Attached to the minute order of his transfer approval hearing (no transcript of that hearing is in the appellate record) are the terms of defendant's probation in Glenn County, which include an order that he comply with the existing protective order and "participate in . . . any other counseling as arranged by Probation, to provide proof of enrollment and completion to the Probation Department and . . . not . . . terminate said counseling without prior approval of Probation. [Also,] attend and complete 52[-]week Batterer's Program and enroll within 5 days."

In September 2012, the operations manager of New Beginnings Educational Programs, Inc., signed and filed with the Glenn County trial court a batterer intervention program progress report. It stated that defendant had attended 52 classes between July 2011 and August 2012 and, during that period, he had one excused absence and two

2

unexcused absences.  She indicated in the report that defendant's attendance, payment, program participation, and attitude were all "satisfactory" and stated in the "comments" section that defendant has "successfully completed the New Beginnings DV program.  In the time he has been enrolled, he has demonstrated the ability and willingness to learn and apply the skills of non-violent communication and personal responsibility, which have been offered to him.  It is now his choice to use these skills in future situations."

At a domestic violence review hearing the following week, the probation officer present told the court he had nothing to report concerning defendant.  Defense counsel then moved to terminate defendant's probation early pursuant to section 1203.3, and to "seal" the record of his conviction pursuant to section 1203.4.[2]  This colloquy followed:

"THE COURT:  Okay.  I think I have to require you to do it by way of motion on the [section] 1203.4.

"[DEFENSE COUNSEL]:  Yes, Your Honor.

"THE COURT:  I can have Probation terminate successfully.  [¶]  I'll hear from the People.

"[PROSECUTOR]:  Your Honor, probation cannot be terminated successfully.  It cannot be terminated prior to the time that the Defendant was sentenced to probation.  This has been cited for the court in several cases which have come before the court today.  In order for the Defendant to have enrolled in this program, he had to agree to do the full time of probation.

"THE COURT:  Okay.

"[PROSECUTOR]:  In addition, I note that the records reflect that the Defendant has two unexcused absences.  When a defendant has an unexcused absence, by the code

---

[2]  "The 'release[] from all penalties and disabilities' provided in [section] 1203.4 is sometimes referred to as 'expungement' of the conviction."  (*People v. Holman* (2013) 214 Cal.App.4th 1438, 1463.)

section itself, the Defendant must begin the program again. Two unexcused absences with 52 classes attended does not—is not successful completion of the program. That is a misunderstanding of the way that the Penal Code has set forth the probation.

"THE COURT: Okay. Anything further?

"[PROSECUTOR]: I cite the court specifically to the batterer's treatment program and to the 1203 code sections which apply to this termination of probation. In order for the Defendant to have done this, he's got to complete the full time; that is required by the Penal Code and by our legislature.

"THE COURT: Okay. Anything further?

"[PROSECUTOR]: We'd ask for a written motion as to an early termination of probation.

"THE COURT: Okay. Anything further?

"[PROSECUTOR]: No, sir.

"THE COURT: All denied. Okay. Probation is deemed successfully completed."

## DISCUSSION

Generally, a trial court has the authority and discretion to modify a probation term during the probationary period, including the power to terminate probation early. (§§ 1203.2, subd. (b)(1) & (2), 1203.3, subds. (a), (b).) Section 1203.3, subdivision (a) provides, in relevant part, "The court may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation, and discharge the person so held." (See *People v. Butler* (1980) 105 Cal.App.3d 585, 589.)

The court's exercise of its authority under section 1203.3, however, is subject to the requirements of subdivision (b) of that section, which states that the judge shall conduct a hearing in open court (§ 1203.3, subd. (b)(1)); the prosecuting attorney shall be provided a two-day written notice and opportunity to be heard, and shall be given a five-

4

day written notice before the court terminates a domestic violence protective order (§ 1203.3, subd. (b)(1)); the proper probation officer shall be given written notice of the court's intention to terminate probation (§ 1203.3, subd. (b)(2)); and, if the court determines to modify any term or condition of probation, it "shall state the reasons for that modification on the record" (§ 1203.3, subd. (b)(1)(A)).

Section 273a, the statute proscribing child endangerment, states that the mandatory probationary period proscribed following a conviction for violation of the statute is 48 months (§ 273a, subd. (c)(1)), and it requires that a person convicted under that statute complete a child abuser's treatment counseling program (§ 273a, subd. (c)(3)(A)). However, section 273a also provides that the trial court may alter or waive any condition of probation under that section if it finds the condition is not in the best interests of justice and states its reasons on the record. (§ 273a, subds. (c)(5).)

Under these statutes, contrary to the People's argument on appeal the trial court *did* have the authority to determine that defendant's good conduct and reform warranted an early termination of his probation and his discharge from it. (§ 1203.3, subd. (a).) We disagree with the People that the trial court's authority under section 1203.3 to order an early termination of probation "at any time when the ends of justice will be subserved thereby" (§ 1203.3, subd. (a)) is undermined by section 273a's prescription of a "mandatory" probationary period of 48 months (§ 273a, subd. (c)(1)). Not only does section 273a contain no reference to, or limitation on, the court's power to terminate probation early if circumstances warrant it granted by section 1203.3, but section 273a itself allows the court to "waive any of the above minimum conditions of probation" imposed if it finds justice would be served thereby (§ 273a, subd. (c)(5)).

Granted, these statements both require the trial court to state its reasons for acting on the record. But, by failing to request a statement of reasons, or otherwise to object to the trial court that it could not act without making express findings, the People arguably

5

forfeited for the purposes of this appeal the issue of whether the trial court abused its discretion by failing to state reasons on the record for granting defendant's request for early termination of probation. (*People v. Tillman* (2000) 22 Cal.4th 300, 302-303; cf. *People v. Scott* (1994) 9 Cal.4th 331, 353 ["claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" could not be raised for the first time on appeal if the appellant fails to object below]; *People v. Zuniga* (1996) 46 Cal.App.4th 81, 83-84 [claim of error based on failure to state reasons for sentencing choices is waived unless objection stated before trial court—probation revoked]; *People v. Neal* (1993) 19 Cal.App.4th 1114, 1117 [waives claim of error—failure to state reasons for consecutive sentences].)

We agree, however, that the court's order must be reversed and the matter remanded to the trial court for further proceedings. The prosecutor properly objected to the trial court that defendant should have proceeded by "written" motion and, as we explained above, section 1203.3 allows the court to terminate probation early only if the prosecuting attorney has been provided a two-day written notice and opportunity to be heard. (§ 1203.3, subd. (b)(1).) In addition, if the court intends to terminate a domestic violence protective order, the prosecutor shall be given a five-day written notice. (*Ibid.*) The prosecutor's objection here was sufficient to alert the trial court to the fact that she was raising one or both of these statutory requirements, in circumstances in which the prosecutor received no written motion and no advance notice of defendant's intent. (See *Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649.)

In their brief on appeal, the People point out that the trial court terminated defendant's probation early without resolving the status of two conditions of his probation: the domestic violence protective order(s) and the child abuser's treatment program. A court's discretion to grant or deny a motion for early termination of probation must be made within the express qualifications of section 1203.3. (See *People*

6

*v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977.)  It was not.  Had the prosecution received the requisite notice required by section 1203.3, questions regarding defendant's compliance with the condition of probation requiring him to successfully complete an approved child abuser's treatment program, and whether the domestic violence protective order should properly be vacated, or had already been vacated, could have been brought to the trial court's attention and resolved before defendant's motion was granted.  They were not.  As a result, we cannot discern on this record whether the domestic violence protective order was still extant when defendant made his motion in open court to terminate probation early.  If it was, the five-day written notice provision of section 1203.3 would apply; otherwise, the prosecution should have received the two-day written notice of defendant's motion.  These matters must be resolved on remand.

## DISPOSITION

The order terminating defendant's probation is reversed and the matter remanded for the court to exercise its discretion in accordance with the provisions of sections 1203.3 and 273a.


                                                                        BUTZ                    , J.



We concur:



         ROBIE                   , Acting P. J.



         HOCH                   , J.



7