Filed 9/5/24  P. v. Snell CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B326958 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA046545) |
| v. | |
| EDWIN SNELL, | |
| Defendant and Appellant. | |

APPEALS from a judgment and an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  The judgment is vacated and remanded with instructions; the appeal from the order of September 21, 2022 is dismissed as moot.

Sydney Banach, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Rama R.

Maline, Deputy Attorneys General, for Defendant and Respondent.

———————————————

**INTRODUCTION**

Edwin Snell was convicted of robbery in 2001 and sentenced to a total term of 48 years to life, including consecutive one-year terms on three prior prison term enhancements under Penal Code section 667.5, subdivision (b).[1]  Twenty years later, through Senate Bill No. 483, the Legislature retroactively invalidated all sentencing enhancements under section 667.5, except those for sexually violent offenses.  (See *People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380 (*Burgess*).)

In 2022, Snell in propria persona filed two motions for relief under Senate Bill No. 483.  In response to Snell's second motion, the trial court ordered his section 667.5 enhancements stricken nunc pro tunc.  The court did not appoint counsel for Snell nor did it hold a resentencing hearing.

Snell appeals, arguing Senate Bill No. 483 entitles him to a full resentencing hearing, including the application of any ameliorative changes in law since his original sentencing.  We dismiss his appeal from the court's denial of his first motion as moot.  As to his appeal from the second motion, because the trial court did not conduct a full resentencing, we vacate the sentence and remand for resentencing proceedings in accordance with Senate Bill No. 483.

———————————————

[1]     All further statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Snell's Conviction and Sentence*

In 2001, a jury convicted Snell of second degree robbery (§ 211).  The sentencing minutes reflect that Snell was found to have personally used a firearm (§ 12022.53, subd. (b)), had two prior serious felony convictions under the three strikes law (§ 667, subd. (a)(1)), and had served three prior prison terms (§ 667.5, subd. (b)).

The trial court sentenced Snell to a total of 48 years to life: 25 years to life on the robbery count, 10 years for the firearm enhancement, five years for each of the two prior serious felony convictions, and one year each for three prior prison term enhancements.

B.    *Section 1172.75 Resentencing Proceedings*

On September 19, 2022, Snell filed a motion in propria persona requesting resentencing under Senate Bill No. 483 and to recall his three prior prison term enhancements.  Snell also requested the appointment of counsel.  The court denied Snell's motion on September 21.  The court stated that Snell "has no standing to initiate a recall of his sentence. . . .  The defendant, however, may be able to 'invite' the court's consideration of the recall.  This court has reviewed the case file and preliminary hearing transcript.  This court does not accept this defendant's invitation for resentencing and chooses not to initiate a resentencing on its own motion."

Snell filed a second motion for resentencing on November 1, 2022.  On November 21, without appointing counsel or holding a hearing, the trial court ordered Snell's three section 667.5

enhancements "stricken nunc pro tunc." The court stated, "Remaining sentence is unchanged." The court amended Snell's abstract of judgment to reflect a total sentence of 45 years to life.

Snell timely appealed.[2]

## DISCUSSION

Snell argues the trial court erred by failing to conduct a full resentencing hearing in addition to striking the section 667.5 enhancements. We first examine whether the trial court had jurisdiction to consider Snell's second motion, which in turn determines whether we have jurisdiction to consider his appeal.

A. *The Trial Court Had Subject Matter Jurisdiction To Consider Snell's Motion for Resentencing*

As a threshold matter, we consider whether the trial court had jurisdiction to entertain Snell's motion under section 1172.75. "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or

---

[2] Snell appealed from the court's September 21 order denying his motion, and this court appointed counsel to represent him. Snell also timely appealed from the November 21 order striking his enhancements, but this notice of appeal was not processed by the superior court. This court granted Snell's motion to deem his second notice of appeal constructively filed and to consolidate the two appeals. Because we reverse the trial court's November 21 order and remand for a full resentencing, we dismiss as moot Snell's appeal from the September 21 order. (See *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214 ["'When no effective relief can be granted, an appeal is moot and will be dismissed.'"].)

4

petition.  Rather the process is triggered by the Department of Corrections and Rehabilitation identifying a defendant as a person serving a sentence that includes a prior prison term enhancement." (*People v. Cota* (2023) 97 Cal.App.5th 318, 332 (*Cota*); accord, *People v. Escobedo* (2023) 95 Cal.App.5th 440, 447-448 (*Escobedo*); *Burgess, supra*, 86 Cal.App.5th at p. 384.) Without the California Department of Corrections and Rehabilitation's (CDCR) identification of the defendant, the trial court lacks jurisdiction to resentence the defendant.  (See *Burgess*, at p. 382.)

This court asked the parties to brief the jurisdictional issue. Snell argues that the trial court and this court have jurisdiction because CDCR identified him as eligible for resentencing relief. The People argue there is no jurisdiction because it does not appear that "CDCR was involved in the resentencing process." On our own motion we take judicial notice that Snell appears on the June 16, 2022 list that CDCR transmitted to the Judicial Council.  (See Evid. Code, §§ 452, subd. (c) [permitting judicial notice of "[o]fficial acts of the legislative, executive, and judicial departments" of California], 459; *People v. Gram* (2012) 202 Cal.App.4th 1125, 1135 [taking judicial notice of CDCR records].)

Since CDCR identified Snell as eligible for relief, the court had jurisdiction to consider Snell's motion under section 1172.75. (See *Cota, supra*, 97 Cal.App.5th at pp. 332-333; but see *Escobedo, supra*, 95 Cal.App.5th at pp. 448, 450 [rejecting defendants' argument that trial court could consider their propria persona section 1172.75 petitions because CDCR identified them to the court as eligible].)  That Snell initially filed "a procedurally unauthorized motion" did not "depriv[e] the trial court of the

5

jurisdiction afforded to it by statute to resentence [Snell] as mandated by section 1172.75." (*Cota*, at p. 333.) Accordingly, we in turn have jurisdiction to consider his appeal. (See *id.* at p. 331, fn. 7.)

B.    *Legal Background and Standard of Review*

In 2021, Senate Bill No. 483 added section 1171.1 to the Penal Code, now renumbered as section 1172.75. (See *People v. Rhodius* (2023) 97 Cal.App.5th 38, 42, review granted Feb. 21, 2024, S283169.) "'Section 1172.75 states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)'" (*Escobedo, supra,* 95 Cal.App.5th at p. 445.)

Section 1172.75, subdivision (b), provides that the CDCR "'shall identify those persons in [its] custody currently serving a term . . . that includes an enhancement'" for a prior prison term under section 667.5, subdivision (b), and "'provide the name of each [such] person . . . to the sentencing court that imposed the enhancement.'" (*People v. Christianson* (2023) 97 Cal.App.5th 300, 310 (*Christianson*), review granted Feb. 21, 2024, S283189, quoting § 1172.75, subd. (b).) The sentencing court "shall review the judgment" and verify that the judgment includes a prior prison term enhancement. (§ 1172.75, subd. (c).) "If the court determines that the current judgment includes [such] an enhancement . . . the court shall recall the sentence and resentence the defendant." (*Ibid.*)

Section 1172.75 provides "specific instructions" for resentencing. (*People v. Carter* (2023) 97 Cal.App.5th 960, 966 (*Carter*).) "First, the resentencing 'shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. . . . ' [Citation.] Second, the trial court 'shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' (§ 1172.75, subd. (d)(2).) Third, the court 'may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.] Fourth, '[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that . . . have been stipulated to by the defendant, or have been found true beyond a reasonable doubt . . . .' [Citation.] Finally, the court 'shall appoint counsel' for the resentencing." (*Id.* at pp. 966-967; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855-856, fn. 12 (*Garcia*); *People v. Monroe* (2022) 85 Cal.App.5th 393, 399 (*Monroe*).)

We review de novo whether section 1172.75 entitles a defendant to a full resentencing. (See *Christianson, supra,* 97 Cal.App.5th at p. 308.)

C.    *The Trial Court Erred by Striking Snell's Prior Prison Term Enhancements Without Conducting a Full Resentencing*

Snell argues he is entitled to a full resentencing hearing under section 1172.75. He seeks the benefit of changes to the sentencing law made by Senate Bill Nos. 1393, 81, and 620, and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, which collectively impact his other sentencing enhancements and his prior felony strikes under the three strikes law.

The People contend that Snell's appeal is moot. The People argue this court "cannot grant any effective relief" because the trial court already struck his three section 667.5 prior prison term enhancements and "determined that appellant was not entitled to a full resentencing hearing." They further contend that Snell has forfeited his argument for additional sentencing relief under *Romero,* because he did not raise it in his request for section 1172.75 resentencing.

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Monroe, supra,* 85 Cal.App.5th at p. 402; accord, *Garcia, supra,* 101 Cal.App.5th at p. 855; *People v. Montgomery* (2024) 100 Cal.App.5th 768, 773, review granted May 29, 2024, S284662; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276, review granted March 12, 2024, S283547 (*Saldana*); *Carter, supra,* 97 Cal.App.5th at p. 968; *Christianson, supra,* 97 Cal.App.5th at p. 314; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282.) Here, the trial court did not conduct

8

a full resentencing and instead struck Snell's section 667.5 enhancements without holding a hearing, appointing counsel, or hearing argument from Snell as to the postconviction factors under section 1172.75 or other ameliorative sentencing relief. This was error. (See *Carter*, at p. 968 ["simply striking the one-year enhancement . . . deprive[d] [defendant] of his right to full resentencing"]; *Renteria*, at p. 1282 ["trial court was required to fully resentence Renteria applying any ameliorative changes in the law"]; *People v. Coddington* (2023) 96 Cal.App.5th 562, 567 [trial court erred by "fail[ing] to provide [defendant] with a full resentencing hearing, meaning a hearing in which he could have sought further sentencing relief under at least two other statutes that were enacted after his conviction"].)

Despite the People's arguments, Snell's appeal is not moot nor did he forfeit his arguments. First, remand would not be futile because under section 1172.75, Snell is entitled to a full resentencing hearing, at which he can request ameliorative sentencing relief beyond the striking of his prior prison term enhancements. (See *Monroe, supra*, 85 Cal.App.5th at pp. 401-402 [rejecting "the Attorney General's argument that Monroe is not entitled to a full resentencing on remand because . . . the prior prison term enhancements have already been stricken"]; accord, *Saldana, supra*, 97 Cal.App.5th at pp. 1275-1276; *Christianson, supra*, 97 Cal.App.5th at p. 317.) Second, Snell did not forfeit a full resentencing by failing to ask for it in his motion because the statute imposes on the trial judge the mandatory duty to conduct a full resentencing (§ 1172.75, subd. (c) ["the court shall recall the sentence and resentence the defendant"]), and as noted above, the statute does not contemplate a motion or petition from a defendant requesting such relief. (See § 1172.75,

subd. (b); *Burgess*, *supra*, 86 Cal.App.5th at p. 384.) Further, Snell did not have a meaningful opportunity to request relief without a full resentencing hearing with the assistance of appointed counsel. (See *People v. Zuniga* (1996) 46 Cal.App.4th 81, 84 [sentencing claim is not forfeited if defendant lacked "the opportunity to address the court on the matter of sentence and to object to any sentence or condition thereof imposed by the court"].)

Snell was "entitled to, but did not receive, a full resentencing under the terms of section 1172.75, including the application of 'any other changes in law that reduce sentences or provide for judicial discretion' . . . . To correct this error, remand for a full resentencing in compliance with section 1172.75 is necessary." (*Monroe*, *supra*, 85 Cal.App.5th at p. 402.)

## DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing consistent with section 1172.75, including the appointment of counsel, a full resentencing hearing, and the application of any other ameliorative sentencing provisions. Snell's appeal from the trial court's September 21, 2022 order denying his motion for resentencing is dismissed as moot.

MARTINEZ, P. J.

We concur:

SEGAL, J.                           STONE, J.

10