Filed 6/18/14  P. v. Franklin CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,**<br><br>       **Plaintiff and Respondent,**<br><br>**v.**<br><br>**VINCENT R. FRANKLIN II,**<br><br>       **Defendant and Appellant.** | **A139115**<br><br>**(Alameda County<br>Super. Ct. No. C170498)** |

Vincent R. Franklin II appeals from a judgment of conviction entered after he pleaded no contest to a single count of pandering by procuring.  On appeal, he contends the trial court erred in denying his motion to withdraw his no contest plea.  He also contends the lower court improperly imposed certain fines.

We conclude the trial court did not abuse its discretion in denying the motion to withdraw the plea, and we will therefore affirm the judgment.  We will remand the matter to the trial court for the limited purpose of modifying the abstract of judgment to strike one of the fines.

FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2012, a criminal complaint filed in Alameda County Superior Court charged Franklin with human trafficking of a minor (Pen. Code § 236.1; Count 1),[1] pimping a minor (§ 266h, subd. (b); Count 2), and pandering by procuring (§ 266i,

---

[1]      All statutory references are to the Penal Code.

subd. (a)(1); Count 3).  On December 19, 2012, Franklin pleaded no contest to one count of violating section 266i, subdivision (a)(1).  On April 15, 2013, appellant moved to withdraw his plea.  The trial court denied the motion on May 3, 2013.  Franklin was sentenced on June 21, 2013, to four years in state prison.  He was also required to register as a sex offender pursuant to section 290.  Franklin was granted a certificate of probable cause on June 20, 2013, and he filed a timely notice of appeal on June 27, 2013.

Because the issues on appeal concern only Franklin's motion to withdraw his plea and certain fines imposed at sentencing, we need not detail the facts of the underlying offense.  For purposes of the matters presented for our decision, a brief description of the plea proceedings will suffice.

On December 19, 2012, Franklin, his counsel, and the prosecutor appeared in court.  The court asked the prosecutor to state the terms of the parties' proposed plea agreement, and the prosecutor explained Franklin would be pleading guilty or no contest to pandering of a minor over the age of 16.  The prosecutor stated Franklin would be sentenced to four years in prison, and he expressly noted, "[Franklin] will be required *to register as a sexual offender* under Penal Code Section 290 *for the remainder of his life*." (Italics added.)  In response to the trial court's question, Franklin responded that (1) he understood and agreed to the terms of the plea agreement; (2) he did not need any more time to talk to his attorney; and (3) he was not taking any medications, drugs, or alcohol. The trial court then specifically asked, "And you understand that *you're going to be subject to a lifetime registration under Penal Code section 290*?"  (Italics added.) Franklin responded, "Yes."

Franklin said he understood his waiver form and had had sufficient time to read it. When the court asked him whether he had had sufficient time to speak to his counsel about his waiver of constitutional rights, Franklin answered affirmatively, but an audience member said no.  Franklin then asked for more time to talk to his attorney, and the trial court passed the matter.  When the parties returned that afternoon after the break, Franklin said he had consulted his counsel about the rights he was giving up and did not need to speak with his attorney again.  The court explained to Franklin that he would be

2

sentenced by a different judge, and it reiterated the terms of the plea agreement, telling him specifically that under the agreement "you're going to have *a lifetime requirement of registering under Penal Code Section 290.*" (Italics added.) Franklin again stated that he understood.

On April 15, 2013, Franklin moved to withdraw his plea pursuant to section 1018. The motion asserted his former counsel had provided ineffective assistance because he had failed to mention to Franklin that lifetime sex offender registration was part of the plea agreement.[2] Franklin attached a declaration in which he claimed his trial counsel had failed to discuss the sex offender registration requirement with him at any time. He declared he would not have entered the plea had he known of the requirement. The trial court held a hearing on the motion on May 3, 2013. Having reviewed the materials attached to Franklin's motion, which included a transcript of the plea hearing, the court found Franklin had been advised twice of the lifetime registration requirement. It found no failure to advise of the registration requirement, and it also found nothing indicating ineffective assistance of counsel. It therefore denied the motion.

DISCUSSION

Franklin contends the trial court abused its discretion in denying his motion to withdraw his plea. He also contends the trial court improperly imposed two fines. For the most part, we resolve these issues against him, but as the People concede one of the fines must be stricken, we will remand the matter to the trial court so that it may modify the abstract of judgment accordingly.

I.      *The Trial Court Did Not Abuse Its Discretion in Denying Franklin's Motion to Withdraw His Plea.*

Franklin's principal argument is that the trial court erred in denying his motion to withdraw his plea. He asserts he received ineffective assistance of counsel because his defense attorney failed to advise him of the sex offender registration requirement. He

---

[2]      The attorney who had represented Franklin during the plea negotiations withdrew from the case, and the motion to withdraw Franklin's plea was filed by Franklin's new counsel.

3

also contends the trial court failed to advise him adequately that he would be required to register as a sex offender for life. Our review of the record demonstrates Franklin was adequately advised, and we therefore reject his arguments.

A. *Burden of Proof and Standard of Review.*

Section 1018 allows the trial court to grant a defendant's request to withdraw a plea of guilty or no contest "before judgment . . . for a good cause shown." "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea." (*People v. Cruz* (1974) 12 Cal.3d 562, 566.) The defendant must demonstrate the required "good cause" by clear and convincing evidence. (*Ibid.*) "To establish good cause, it must be shown that defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment." (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208 (*Huricks*).) Where, as here, the court denies the motion and thus determines the standard has not been met, the issue on appeal is whether the denial constitutes an abuse of discretion. (*People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 796.) The abuse of discretion must be "clearly demonstrated" before the defendant can prevail on appeal. (*Id.* at pp. 796-797.) A plea may not be withdrawn simply because the defendant has changed his or her mind. (*Huricks,* at p. 1208.)

B. *Franklin Was Adequately Advised of the Lifetime Sex Offender Registration Requirement.*

On the record before us, we discern no abuse of discretion. As explained in our statement of facts, at the hearing on the proposed plea, the prosecutor stated specifically that part of the plea bargain would require Franklin to register as a sexual offender under section 290 for the remainder of his life. The trial court advised Franklin of the lifetime registration requirement not once, *but twice,* both before and after a break in the proceedings during which Franklin was able to consult with counsel.[3] This double

---

[3] In his declaration in support of his motion to withdraw his plea, Franklin claimed that during the break in the proceedings, his counsel did not discuss the lifetime sexual offender registration requirement. Franklin also submitted a number of declarations from

4

advisement of the lifetime nature of the registration requirement suffices to distinguish this case from our opinion in *People v. Zaidi* (2007) 147 Cal.App.4th 1470, upon which Franklin relies. There, we held a motion to withdraw a plea had been improperly denied because "[t]he reference to an abstract statutory reference ('you shall register as a sex offender pursuant to Penal Code section 290') does not inform the defendant of registration's most dire element." (*Zaidi,* at p. 1484.) Here, the trial court did more than merely refer to the statute; it told Franklin twice he would be required to register for life.

Franklin also complains that the court failed to make a finding that he had committed the crime as a result of sexual compulsion or for purposes of sexual gratification as required by section 290.006. Initially, we note that Franklin forfeited this claim by not making a contemporaneous objection to the trial court's failure to make the finding he now contends is required (as distinct from his objection to the adequacy of the court's advisement that he would be required to register). (See *People v. Bautista* (1998) 63 Cal.App.4th 865, 868-871.)

Even if the claim had been properly preserved, it would be meritless. The third count of the criminal complaint correctly charged him with having "unlawfully procure[d] . . . a person over 16 years of age for the purpose of prostitution," but it incorrectly stated this was a violation of section 266i, subdivision (a)(1), when in fact it was a violation of section 266i, subdivision (b)(1).[4] Thus, Franklin appears to have entered a plea to section 266i, subdivision (a)(1) when he should have been charged with and entered a plea to section 266i, subdivision (b)(1). Both subsections provide for the

his family members in support of his motion to withdraw his plea. All stated they had consulted with Franklin's counsel. Unlike Franklin, however, the declarants all stated that counsel *had* discussed the section 290 registration requirement, although they claimed counsel had told them registration would not be for life.

The record contains no declaration from Franklin's former counsel, nor is there any indication he was ever asked to provide his version of events.

[4]     Under section 266i, subdivision (a)(1), a defendant is guilty of pandering if he "[p]rocures another person for the purpose of prostitution." Subdivision (b)(1) of that section provides the penalty for pandering when the person procured "is a minor 16 years of age or older[.]" (§ 266i, subd. (b)(1).)

same punishment, but the latter subdivision has a mandatory lifetime sexual offender registration requirement while under the former registration is discretionary. (See § 290, subds. (b), (c).) Here, however, that difference is irrelevant, because Franklin *agreed* to lifetime registration as part of the plea deal after he was told his plea would require lifetime sexual offender registration. Since registration was part of a voluntary plea agreement, there was no need for the court to make any finding that his offense was for purposes of sexual gratification.

      C.     *Franklin Has Shown No Prejudice From the Claimed Ineffective Assistance of Counsel.*

Franklin contends he received ineffective assistance of counsel because his trial attorney failed to inform him that the plea agreement would require him to register as a sex offender for life. He makes a number of factual assertions in his brief regarding this claim, none of which is supported by a citation to the record on appeal. His failure to support his argument by citation to the record means it is forfeited.[5] (See *People v. Stanley* (1995) 10 Cal.4th 764, 793.)

Even if Franklin had properly presented this argument, it would fail. "In cases involving plea bargains that the defendant has accepted, reversal is generally required only if the court fails to inform the defendant of information that makes the plea bargain *less attractive* than it appeared to be without the omitted information." (*People v. Goodwillie* (2007) 147 Cal.App.4th 695, 734.) As we have explained above, there was no failure to inform Franklin of the consequences of the plea bargain. Thus, even if we were to take at face value his assertions that trial counsel did not discuss the lifetime nature of the sex offender registration requirement, it would be difficult to see how Franklin could have been prejudiced, since he received accurate information from both the prosecutor and the trial court and was given an opportunity to discuss the matter with counsel after receiving that information. "Where the parties have chosen to memorialize

---

[5]     We note that the People's brief makes no response to this argument. We remind the People that their failure to respond to an appellant's contentions can be treated as a concession. (See, e.g., *People v. Werner* (2012) 207 Cal.App.4th 1195, 1212.)

the offered plea bargain on the record, subsequent claims of ineffective assistance of counsel . . . are likely to fail unless the record establishes that the information provided the defendant, as memorialized, was incomplete or inaccurate." (*In re Alvernaz* (1992) 2 Cal.4th 924, 938, fn. 7.)

Moreover, "a defendant's self-serving statement . . . is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence." (*In re Alvernaz, supra,* 2 Cal.4th at p. 938.) Franklin's claim that his defense counsel never at any time discussed with him the lifetime nature of sex offender registration is supported only by his declaration. The declarations of his family members speak only to a single conversation with counsel during a break in the plea proceedings. Thus, there is no corroborating objective evidence to support his claim, and as we have noted above, it appears no explanation was sought from Franklin's former counsel.

II.    *The Abstract of Judgment Must Be Modified.*

Franklin contends the $300 fine imposed pursuant to section 290.3, subdivision (a) should be stricken, because that section authorizes imposition of a fine only upon conviction of an offense enumerated in subdivision (c) of section 290.[6]  Since he entered a plea of no contest to one count of violating section 266i, subdivision (a)(1), he argues the fine was unauthorized. The People concede the error and agree that the abstract of judgment should be modified to strike the $300 sex offender fee. We will therefore remand the case with instructions to the trial court to modify the abstract of judgment accordingly.

---

[6]    Section 290.3, subdivision (a) provides in relevant part:  "Every person who is convicted of any offense specified in subdivision (c) of Section 290 shall, in addition to any imprisonment or fine, or both, imposed for commission of the underlying offense, be punished by a fine of three hundred dollars ($300) upon the first conviction . . . , unless the court determines that the defendant does not have the ability to pay the fine."

III.    *Franklin Forfeited Any Objection to the Probation Report Fee.*

Franklin argues the trial court's imposition of the probation investigation fee under section 1203.1b must be reversed because the trial court failed to determine whether Franklin had the ability to pay the fee.  He relies on *People v. Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*) for support.

As the People correctly note, however, Franklin did not object below to the imposition of the probation investigation fee, although his probation report had advised him of both the amount of the fee and his right to a hearing on his ability to pay it. Franklin concedes he was advised of his right to a hearing, and the People therefore contend Franklin has forfeited this argument.  Under this appellate district's precedent, the People are correct.  (See *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1071-1072.)  We therefore hold that Franklin has failed to preserve this issue for appellate review.[7]

---

[7]    We note that in *People v. McCullough* (2013) 56 Cal.4th 589, 599 (*McCullough*) , the California Supreme Court expressly overruled *Pacheco, supra*, 187 Cal.App.4th 1392, the principal authority upon which Franklin relies.  While he cites *McCullough,* Franklin's opening brief fails to mention that it overruled *Pacheco*.  "We cannot condone such reliance . . . upon a case so unequivocally disapproved by our Supreme Court more than [five] months before the brief was filed."  (*Rebney v. Wells Fargo Bank, N.A.* (1991) 232 Cal.App.3d 1344, 1350, fn. 1.)

DISPOSITION

The matter is remanded to the superior court with directions to modify the abstract of judgment to strike the $300 fine imposed under section 290.3, subdivision (a). In all other respects, the judgment is affirmed.

_____
Jones, P.J.

We concur:

_____
Needham, J.

_____
Bruiniers, J.