Filed 8/20/21  P. v. Wright CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DELARRIAN RONNE WRIGHT,<br><br>Defendant and Appellant. | C088958<br><br>(Super. Ct. No. 17CF04018) |

Defendant Delarrian Ronne Wright pleaded no contest to kidnapping and assault with a semiautomatic firearm against a girlfriend, and assault with a deadly weapon against another woman that he held in his home for two days.  Defendant admitted a Penal Code section 12022, subdivision (a)(1) enhancement allegation that he was armed with a firearm in the commission of a kidnapping.[1]  The trial court sentenced defendant to an aggregate 12 years in prison and ordered him to register as a sex offender after it

---

[1] Undesignated statutory references are to the Penal Code.

1

found that defendant's acts were done for the purpose of sexual gratification, that he was likely to reoffend, and that registration was necessary to protect the public.

Defendant now contends (1) the trial court erred in failing to provide a separate statement of reasons for requiring sex offender registration, and (2) if his first contention is forfeited, his trial attorney rendered ineffective assistance in failing to object.

We conclude defendant forfeited his first contention, and he has not established ineffective assistance. We will affirm the judgment.

BACKGROUND

The People charged defendant with 19 felony counts: (1) willfully inflicting corporal injury upon girlfriend S.L., resulting in a traumatic condition upon her (count 1-§273.5, subd. (a)); (2) grand theft of a firearm (count 2 - § 487, subd. (d)(2)); (3) assault with a semiautomatic firearm against S.L. and J.J. (counts 3, 6, 7, 10, 13, and 18 - § 245, subd. (b)); (4) criminal threats against S.L. and J.J. (counts 4, 8, 14, and 17 - § 422, subd. (a)); (5) possession of a firearm by a felon (counts 5, 12, and 15 - § 29800, subd. (a)(1)); (6) kidnapping of S.L. (count 9 - § 207, subd. (a)); (7) sodomy by use of force against S.L. (count 11 - § 286, subd. (c)(2)); (8) false imprisonment by violence against J.J. (count 16 - § 236); and (9) assault with a deadly weapon other than a firearm against J.J. (count 19 - § 245, subd. (a)(1)). Of relevance here, it was alleged that defendant was armed with a firearm in the commission of the count 9 felony offense within the meaning of section 12022, subdivision (a)(1).

Defendant pleaded no contest to count 3 (assault with a semiautomatic firearm against S.L.), count 9 (kidnapping of S.L.), and count 19 (assault with a deadly weapon against J.J.) and admitted the section 12022, subdivision (a)(1) enhancement allegation in count 9. The trial court accepted the plea and admission and dismissed all of the other

counts and enhancement allegations on the People's motion with a *Harvey*[2] waiver, i.e., with an understanding the sentencing court could consider defendant's prior criminal history and the entire factual background of the case, including any dismissed charges or allegations, when imposing sentence. Trial counsel and defendant stipulated that the factual basis for the plea would be taken from the probation report.

The probation report contained the following information: S.L. and defendant were in a dating relationship. On about July 30, 2017, defendant punched S.L. in the face and broke her jaw because he thought she was talking to other men on Facebook. He pointed a .45 caliber gun at S.L.'s head and said he was going to kill her. S.L. had sex with defendant to "just stop it."

Two weeks later, after defendant and S.L. argued, defendant forced S.L. into the woods and forced her to dig a hole at gunpoint. Defendant told S.L., "It . . . this is the end, you're, you know, it's over for you. Dig that hole and you're gonna bury in it, you're gonna be buried in it." He put S.L.'s face in the hole and sodomized her while holding a gun to her hip. Defendant then ejaculated in S.L.'s face.

Another argument ensued the next morning. Defendant hit S.L. on the side of her head, punched her in her lower back and told her to get on her knees. He pointed a .45 caliber handgun at S.L., made her look down the barrel and told her, "Bitch you are gunna die." S.L. believed defendant would kill her and she feared for her life. Defendant told S.L. he would "slice her face up and make her look like the worn out bitch she really was."

S.L. convinced defendant to let her go to the Methadone Clinic. They went to the clinic together and defendant brought the handgun with him. He waited outside the clinic for S.L. S.L. called 911 from inside the clinic and officers responded to the clinic and

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

3

took defendant into custody. A search of defendant and the vehicle in which he was found yielded a box of .45 caliber ammunition and a loaded .45 caliber handgun.

Defendant admitted he argued with S.L. that morning. He said S.L. planned to sell her father's handgun and defendant had ammunition because the buyer would not buy the gun without additional ammunition. Defendant denied possessing the handgun in S.L.'s home. He denied striking S.L. and breaking her jaw.

Investigation showed that J.J., an acquaintance, went home with defendant and S.L. on about August 12, 2017. Defendant held J.J. at the house against her will for two days. He touched J.J.'s breasts and body and J.J. thought defendant was going to rape her. Defendant put a pillow on J.J.'s face and a .45 caliber handgun to her head and told her he would kill her if she left the house. Defendant told J.J., "you either get smothered or you're getting shot in the head, bitch." S.L. told defendant to let J.J. go after J.J. said she could not breathe. Defendant finally allowed J.J. to leave but told her, "I'm coming back for retaliation."

The probation report showed defendant's criminal record, which started with a second degree burglary conviction when he was 19 years old. Prior to the current offenses, he had been convicted of six felonies and two misdemeanors, violated parole multiple times and had absconded from parole supervision.

In an interview by the probation department, defendant claimed that S.L. lured him to the Methadone Clinic so that her friends could rob him. He denied possession of a firearm. He claimed S.L. and J.J. had lied.

The probation officer recommended that the trial court require defendant to register pursuant to section 290 because he was found guilty of kidnapping which appeared related to the rape and sodomy of S.L.

At the sentencing hearing, defendant's trial counsel argued against ordering defendant to register as a sex offender, urging that defendant acknowledged some responsibility for the crimes and that defendant, S.L. and J.J. all used drugs, "there was

4

kind of a symbiotic relationship" between them with regard to drugs, and the use of controlled substances, especially methamphetamine, caused defendant to be more aggressive. The prosecutor asked the trial court to require sex offender registration, noting that defendant had committed multiple offenses and exerted significant control and fear over the victims and committed sexual offenses against them, regardless of any symbiotic relationship between them. The prosecutor asked the trial court to find that defendant's conduct was done with substantial sexual motive.

After considering the probation report and counsel's arguments, the trial court found that defendant's acts were done for the purpose of sexual gratification and that registration was necessary because there was a likelihood that defendant would commit similar sexual acts and that registration was necessary to protect the public. Based on those findings, the trial court ordered defendant to register as a sex offender pursuant to section 290.

DISCUSSION

Defendant claims the trial court erred in failing to provide a separate statement of reasons for requiring sex offender registration after finding that the current offenses were committed for purposes of sexual gratification. As we will explain, his contention is forfeited because he did not object at trial, and he has not established ineffective assistance of counsel.

A

The Sex Offender Registration Act (§ 290 et seq.) requires persons convicted of certain specified sex offenses to register as sex offenders while residing, attending school or working in California. (§ 290, subd. (b), (c).) Section 290, subdivision (c), which lists the crimes for which registration is mandatory, does not include the offenses to which defendant pleaded no contest. Therefore, mandatory registration did not apply to defendant.

5

"If the conviction is for an offense other than those automatically requiring registration, the [trial] court may nonetheless exercise its discretion to impose a registration requirement if the [trial] court finds the offense was sexually motivated or compelled, and that registration is justified by the defendant's risk of reoffense." (*People v. Mosley* (2015) 60 Cal.4th 1044, 1048; *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1197-1198 (*Hofsheier*) [stating that under the predecessor statute to section 290.006 the trial court may require registration even if the defendant was not convicted of a sexual offense as long as the trial court finds the crime to have a sexual purpose], overruled on other grounds by *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 875.) The purpose of requiring registration is to prevent recidivism of sex offenders, ensure sex offenders are " ' " ' 'readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future' " ' " and "notify members of the public of the existence and location of sex offenders so they can take protective measures." (*Hofsheier,* at p. 1196; see *Johnson,* at p. 874; *Mosley,* at p. 1069; *People v. Castellanos* (1999) 21 Cal.4th 785, 796.)

At the time of the sentencing, section 290.006 provided, in pertinent part, "Any person ordered by any court to register pursuant to the [Sex Offender Registration] Act for any offense not included specifically in subdivision (c) of Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration." (Stats. 2017, ch. 541, § 4.) "Consequently, to implement the requirements of [section 290.006], the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender. By requiring a separate statement of reasons for requiring registration even if

6

the trial court finds the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (*Hofsheier, supra*, 37 Cal.4th at p. 1197.) We review the trial court's determination for abuse of discretion. (*People v. Eastman* (2018) 26 Cal.App.5th 638, 648, 650 (*Eastman*).)

B

Although defendant now complains that the trial court did not provide a separate statement of reasons for requiring registration, defendant did not object on that ground at the sentencing hearing after the trial court announced the reasons for its registration order and asked whether there were other issues it needed to address. Defendant cannot complain for the first time on appeal about the trial court's statement of reasons for requiring sex offender registration. (*People v. Bautista* (1998) 63 Cal.App.4th 865, 868 [citing *People v. Scott* (1994) 9 Cal.4th 331, 353 which held that claims involving the trial court's failure to state any reasons or adequate reasons for its discretionary sentencing choices are subject to forfeiture in the absence of an objection in the trial court].) Defendant's trial counsel had a meaningful opportunity to object at the sentencing hearing that the trial court did not adequately state reasons for requiring registration under section 290.006. Had he done so, the trial court would have had an opportunity to address defendant's claim and correct any deficiencies in its statement of reasons for ordering registration. Defendant's failure to timely object forfeits his claim of error. (*Bautista,* at p. 871.)

C

Anticipating forfeiture, defendant argues his trial attorney rendered ineffective assistance of counsel by failing to object. To establish ineffective assistance of counsel, a defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to the defendant. (*People v. Maury* (2003)

7

30 Cal.4th 342, 389 (*Maury*); *Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674] (*Strickland*).)  If a defendant makes an insufficient showing on either of those elements, his ineffective assistance claim fails.  (*People v. Holt* (1997) 15 Cal.4th 619, 703; *Strickland*, at p. 687.)

We review trial counsel's performance with deferential scrutiny, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and recognizing the many choices that attorneys make in handling cases and the danger of second-guessing an attorney's decisions.  (*Maury, supra*, 30 Cal.4th at p. 389; *Strickland, supra*, 466 U.S. at p. 689.)  "It is particularly difficult to prevail on an *appellate* claim of ineffective assistance.  On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.  All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding."  (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Here, the record is silent about why defendant's trial counsel did not object to the trial court's statement of reasons for ordering sex offender registration.  He may have elected not to object because the probation report supported the trial court's findings. We have no basis upon which to determine that trial counsel's representation was deficient.

In any event, defendant has not established prejudice.  (*People v. Mickel* (2016) 2 Cal.5th 181, 198.)  He has not shown a reasonable probability of a more favorable result.  (*Maury, supra*, 30 Cal.4th at p. 389; *People v. Ledesma* (1987) 43 Cal.3d 171, 217-218; *Strickland, supra*, 466 U.S. at pp. 693-694.)

The probation report, which provided the factual basis for defendant's plea, showed that defendant's crimes were connected to sex.  The probation report also supported the trial court's findings that there was a likelihood defendant would commit

similar sexual acts and that registration was necessary to protect the public. Defendant's failure to accept responsibility for his crimes and seek treatment for the condition his counsel claimed was the cause of his crimes supported the trial court's finding that there was a risk of reoffense and need to protect the public. (See *Eastman, supra*, 26 Cal.App.5th at pp. 641, 649.)

Defendant's trial counsel argued against requiring sex offender registration. The trial court considered the arguments and decided to require defendant to register as a sex offender. The record discloses no reasonable probability that, but for any deficient performance by trial counsel, defendant would have obtained a more favorable result.

DISPOSITION

The judgment is affirmed.

/S/

MAURO, J.

We concur:

/S/

RAYE, P. J.

/S/

BLEASE, J.

9