Filed 1/3/25  P. v. Rodriguez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARGIL ANTONIO RODRIGUEZ,<br><br>    Defendant and Appellant. | F087217<br><br>(Super. Ct. No. F21900736)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  William Terrence, Judge.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Smith, J. and Snauffer, J.

Defendant Margil Antonio Rodriguez contends on appeal that the trial court's order must be reversed and remanded because the court abused its discretion when it found defendant must register as a sex offender. Alternatively, defendant contends defense counsel provided ineffective assistance. The People disagree. We affirm.

## PROCEDURAL SUMMARY

On January 26, 2021, the Fresno County District Attorney filed a complaint charging defendant with unlawful sexual intercourse with a minor more than three years his junior (Pen. Code, § 261.5, subd. (c);[1] count 1) and a lewd act upon a child (§ 288, subd. (a); count 2).

On December 8, 2022, defense counsel declared a doubt as to defendant's competence to assist defense counsel and understand proceedings pursuant to section 1368. Criminal proceedings were suspended, the preliminary hearing was vacated, and the trial court appointed a doctor for evaluation.

On March 16, 2023, the trial court reviewed the report by Dr. Luis Velosa. In the report, Velosa opined defendant was competent. Both parties submitted on the report without argument. The court found defendant competent and reinstated proceedings.

On June 29, 2023, defendant waived his right to a preliminary hearing and trial and entered a change of plea to no contest under *People v. West*.[2] The terms of the plea were that defendant would plead to a violation of section 261.5, subdivision (c) (count 1) with count 2 being dismissed for an indicated sentence of no state prison at the outset and section 290 registration at the discretion of the trial court at the time of sentencing.

On August 29, 2023, defendant filed three evaluation reports in mitigation addressing defendant's recidivism risk.

---

[1]    All statutory references are to the Penal Code.

[2]    *People v. West* (1970) 3 Cal.3d 595.

2.

On November 16, 2023, the trial court granted probation and sentenced defendant to 240 days in jail with 12 days credit, various fines and fees, and restitution to the victim reserved.

On November 20, 2023, defendant timely filed a notice of appeal.

## FACTUAL SUMMARY[3]

Confidential victim (C.V.) was 14 years old and defendant was 22 years old. She and defendant began communicating with each other on a social media application. After communicating online for a few weeks, C.V. began living at defendant's mother's home with defendant and his mother. While C.V. was living at defendant's mother's home, C.V. and defendant began having sexual intercourse.

Defendant stated he was unaware of C.V.'s age of 14 years old. He stated he believed C.V. was over the age of 18 when he was having sexual relations with her.

## DISCUSSION

Defendant contends the trial court abused its discretion when it imposed sex offender registration pursuant to section 290.006. He further argues defense counsel did not forfeit the claim, but alternatively argues that if we find the claim forfeited, defense counsel provided ineffective assistance. The People argue as a threshold issue that defense counsel forfeited the claim. They further argue that, regardless of forfeiture, the court's order imposing sex offender registration was not an abuse of discretion. Last, they contend that because the order was not an abuse of discretion, defense counsel did not provide ineffective assistance of counsel. We agree with the People.

---

[3]     A factual basis for the plea was entered pursuant to *People v. West*, *supra*, 3 Cal.3d 595, indicating a basis could be found if the police reports were read. No police reports, however, were submitted or specifically identified in this case in association with defendant's plea. Accordingly, here, the factual summary pertaining to the underlying charges is taken from forensic evaluations submitted by defendant.

*A.      Background*

*Psychological Reports and Evaluations*

On August 22, 2023, defendant was evaluated pursuant to section 1368. Regarding the underlying offense, defendant told the evaluator:

> " 'I remember I was 22 years old.  I knew [the victim] at Walmart in Sanger and she gave me her phone number.  About a week later, I called her and she told me on the cell phone that she was 18 years old.  I simply believed that she was older because she appeared much more mature.  [T]he following week she came to my house.  She arrived about 2[:00] o'clock in the afternoon.  My mother was there.  She received them and my mother was in the house all the time.  She told me that her name was [C.V.] and I believed her but it seems to me that it was not a real name as she was inventing her name.

> " '[S]he told me that she wanted to see my bedroom so I took her over there and the moment that we arrived and closed the door she took her blouse.

> " 'I was very surprised[;] I had in the past girlfriends and she was the one to initiate our involvement.  She started kissing me on my neck and then I took my clothes and we had a sexual relationship.

> " 'I have [had] sexual experience with other ladies and I realized that there was not the first time that she had sex.  During the time that she had sex she did not say no and she seemed to be enjoying the relationship.' " (*Sic*.)

In January 2021, a psychological evaluation revealed defendant had been assessed for special education eligibility.  The evaluation concluded he "displayed cognitive processing deficits and met eligibility criteria for special education."  This evaluation consulted school district assessments from as far back as 2010.  Defendant scored in the extremely low range in conceptual, social, practical, and general adaptive domains.  It found he scored no higher than the first percentile when gauging problem solving and reasoning abilities, supporting that he met the criteria for moderate intellectual development disorder and neurocognitive disorder, according to the guidelines of the Diagnostic and Statistical Manual of Mental Disorders (5th ed. 2013) (DSM-5).

4.

Before sentencing, defendant was evaluated by Dr. Harold Seymour, a clinical and forensic psychologist, to provide a diagnostic profile and recidivism risk assessment, at defendant's request. Seymour administered and scored defendant's sex offense specific recidivism assessment using Static-99R. Defendant's total Static-99R score was two, classifying him as "low-moderate risk for sex-offense specific recidivism." The report also stated defendant presented with a mild intellectual disability, had poor abstraction skills, was unable to "perform very basic calculations in his head," had limited insight and judgment, and had slow thought processing.

In the report, Seymour stated,

"[Defendant] has pled to a single felony count of unlawful sexual intercourse. [Defendant] began having contact with [CV] through [a social media] app. [Defendant] could not explain how people get potentially linked together on [the app].

"CV appears to have a history of some mental health issues and an apparent history of running away. She was staying with [defendant] at the residence of [defendant's] mother. During that time [defendant] and CV participated in what was apparently consensual sexual intercourse.

"[Defendant] said CV told him that she was 18 years old so he assumed it was okay to engage in sex with her. When asked by this examiner when he knew the girl was actually only 14 years old, he said he did not know this until he was released from jail and was given paperwork that indicated the charges against him and the age of CV."

In the report, Seymour noted defendant had a mild intellectual disability and a mild neurocognitive disorder, which appear to have been caused by a car striking him while he was riding a tricycle when he was four years old, consistent with the assessment of the section 1368 report and the 2021 evaluation.

Seymour found defendant did not meet the criteria for a pedophilia diagnosis or any other paraphilic disorder, stating, "[Defendant] is an intellectually limited man who very likely lacked the ability to discern that the victim in this case was a minor with

apparent mental health issues.  [Defendant] does not present as a predator, but he does have limited judgment about how to interact with females."

***Sentencing Hearing***

At the sentencing hearing, defense counsel requested the trial court not impose sex offender registration as requested by the prosecution, or, alternatively, the lower term of 10 or 20 years registration, rather than lifetime registration.  The prosecution stated the plea offer accepted by defendant was "based on evidentiary concerns … with respect to [c]ount [t]wo, which was dismissed, as well as knowledge in this case."

The prosecution argued sex offender registration was appropriate because the facts of the case and the age of the victim showed defendant committed the offense for sexual gratification, stating, "We think that the facts of this case as well as the age [of] the victim lend themselves to a conclusion that this was done for sexual gratification."

At the sentencing hearing, the trial court stated it had read and considered the probation officer's and social worker's reports and was "inclined to follow [the plea] agreement and order that [defendant] not be sentenced to prison today."  It ordered defendant be placed on formal probation and serve 240 days in custody and a criminal protective order was imposed for the period of 10 years.  It stated,

> "[Defendant], sir, I'm going to require that you register with local law enforcement as a sex offender within the meaning of [s]ection 290. The Court has considered the facts presented in this case, and the Court does elect that the defendant be required to register pursuant to [s]ection 290 pursuant to [t]ier I, which will require a minimum registration period of [10] years.

> "[Defendant], I noted the sizable difference in age between you and the victim in this case and noting that for the vast majority of these crimes that you were 22 years old and she was 14.  [Defendant], this Court does find that it does fall within the meaning of [s]ection 290 that the public be aware of your conviction in this case and be aware of your place of residence.  I'm going to order that [t]ier I registration today."

### B. Law

Section 261.5 prohibits sexual intercourse between an adult and a minor who is not the spouse of the perpetrator. (§ 261.5, subd. (a).) A " 'minor' " is a person under 18 years of age and an " 'adult' " is a person who is 18 years of age or older. (§ 261.5, subd. (a).) A person who engages in unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony. (§ 261.5, subd. (c).) A person who is 21 years of age or older who engages in unlawful sexual intercourse with a minor who is under 16 years of age is also guilty of either a misdemeanor or felony. (§ 261.5, subd. (d).)

Section 261.5 is not a crime for which registration as a sex offender is mandatory. (§ 290, subd. (c).) Under section 290.006, a court may order a defendant convicted of a nonenumerated crime to register "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." (§ 290.006, subd. (a); see also *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1196 (*Hofsheier*), overruled on other grounds in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888 (*Johnson*); *People v. King* (2007) 151 Cal.App.4th 1304, 1307–1308.) Accordingly, section 290.006 only requires the trial court to "find that the defendant committed the offense as a result" of either one of these purposes. (*People v. Contreras* (2021) 70 Cal.App.5th 247, 254–255.) The statute "does not require an explicit finding regarding the defendant's risk of reoffending." (*Ibid*.)

In imposing discretionary registration pursuant to section 290.006, "[t]he court shall state on the record the reasons for its findings and the reasons for requiring registration." (§ 290.006, subd. (a).)

Imposition of the discretionary sex offender registration is a sentencing decision. (See *People v. Garcia* (2008) 161 Cal.App.4th 475, 483 (*Garcia*), disapproved on another ground in *Johnson*, *supra*, 60 Cal.4th at p. 888, and in *People v. Picklesimer* (2010) 48 Cal.4th 330, 338, fn. 4.) "[T]he trial court must engage in a two-step process: (1) it must

find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender." (*Hofsheier*, *supra*, 37 Cal.4th at p. 1197.) "By requiring a separate statement of reasons for requiring registration even if the trial court finds the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (*Ibid*.)

"In order to make a discretionary determination as to whether or not to require registration [under section 290.006], the trial court logically should be able to consider all relevant information available to it at the time it makes its decision .…" (*Garcia*, *supra*, 161 Cal.App.4th at p. 483 [Under California sentencing guidelines, a trial court can use any relevant evidence, including hearsay, in applying discretionary sentencing orders].) Due process does not require a sentencing judge adhere to the same evidentiary rules that apply to a trial court during the guilt phase. (*People v. Arbuckle* (1978) 22 Cal.3d 749, 754.) Accordingly, the court may properly consider reliable out-of-court information, including hearsay and information about the defendant's life and circumstances surrounding the crime. (*Ibid*.)

"One of the purposes of the sex offender registration requirements ' " ' "is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future. [Citation.]" ' " [Citations.]' [Citations.] Where registration is discretionary, then, one consideration before the court must be the likelihood that the defendant will reoffend." (*Garcia*, *supra*, 161 Cal.App.4th at pp. 484–485; see *People v. Thompson* (2009) 177 Cal.App.4th 1424, 1431, disapproved on another ground in *Johnson*, *supra*, 60 Cal.4th at p. 888.) The facts supporting registration

8.

need be proved only by a preponderance of the evidence. (*People v. Marchand* (2002) 98 Cal.App.4th 1056, 1063–1065.)

" '[W]here there are no express findings of fact, it is implied that the trial court … made whatever findings were necessary to support the judgment .…' " (*People v. Fulkman* (1991) 235 Cal.App.3d 555, 560.)

We review a trial court's order imposing discretionary registration for abuse of discretion. "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) "Absent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.) However, while the abuse of discretion standard of view is deferential, "it is not empty." (*People v. Williams* (1998) 17 Cal.4th 148, 162.) "[I]t asks in substance whether the ruling in question 'falls outside the bounds of reason' under the applicable law and the relevant facts." (*Ibid.*)

### C.    Analysis

Here, the trial court did not abuse its discretion when it made the required findings to order defendant to register as a sex offender pursuant to section 290.006.

### Forfeiture

The People contend as a threshold issue that defendant forfeited his claim that the trial court failed to make the findings required by section 290.006 by not objecting to the court's findings below.

Defendant concedes defense counsel "generically objected to imposition of sex offender registration, [but] counsel did not specifically request the trial court make a finding regarding 'sexual compulsion' or 'sexual gratification' and did not object to the trial court's characterization of the underlying incident."

"It is now settled that a defendant cannot complain for the first time on appeal about the court's failure to state reasons for a sentencing choice." (*People v. Bautista*, (1998) 63 Cal.App.4th 865, 868.)

Accordingly, we conclude defense counsel forfeited the claim of whether the trial court made the required findings in its statement finding defendant must register as a sex offender pursuant to section 290.006.

### *Abuse of Discretion*

However, even if defense counsel did not forfeit defendant's claim, the trial court did not abuse its discretion when it required defendant to register as a sex offender pursuant to section 290.006.

Defendant contends "that the trial court abused its discretion in requiring him to register because the court failed to make a finding that the offense was the product of sexual compulsion or gratification," and "there is no evidence to support the decision to impose registration."

A court "may require lifetime registration if it finds the crime to have a sexual purpose." (*Hofsheier*, *supra*, 37 Cal.4th at pp. 1197–1198.) Section 290.006 requires a sentencing court to provide its reasons for imposing the registration requirement. (*Hofsheier*, at p. 1197.) A court may order a defendant convicted of a nonenumerated crime to register "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." (§ 290.006, subd. (a).) However, section 290.006 does not require the court to explicitly use the words "sexual compulsion" or "sexual gratification." (§ 290.006.) Further, the court is presumed to know, apply, and follow the governing law. (*People v. Gutierrez*, *supra*, 58 Cal.4th at p. 1390.)

Here, defendant stated he had sexual intercourse with the victim in his bedroom after she started kissing him and they took off their clothes, and that she "seemed to be enjoying the relationship." When the trial court made its finding that defendant be

10.

required to register as a sex offender, it had heard argument from both sides and about the psychological evaluations and reports. The court then stated that, "consider[ing] the facts of this case," the "sizable difference in age," and the fact that C.V. was only 14 years old, while defendant was 22 when the offenses occurred, meant that the offense fell "within the meaning of [s]ection 290." This record shows that the court was aware of the discretionary nature of its findings pursuant to section 290.006, and we presume accordingly that it was also aware that section 290.006 required it to find the offense was committed for sexual gratification or compulsion. Here, the record shows the court made the reasonable inference from the facts of the case that the underlying offense was committed for sexual gratification when it imposed sex offender registration on defendant pursuant to section 290.006.[4]

Further, despite defendant's history of brain injury causing impaired judgment, the trial court's imposition of sex offender registration pursuant to section 290.006 was not "so irrational or arbitrary that no reasonable person could agree with it" because the court noted it was done for the purpose of protecting the public. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.) As stated above, one of the "purpose[s] of sex offender registration is to keep track of persons likely to reoffend" (*Lewis v. Superior Court* (2008) 169 Cal.App.4th 70, 78), by assuring " 'that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future' " (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 527), and "to notify members of the public of the existence and location of sex offenders so they can take protective measures." (*Hofsheier*, *supra*, 37 Cal.4th at p. 1196.) The sex offender registration requirement is regulatory, rather than punitive, and is preventative in nature, stemming from the

---

**4**    As the record supports the reasonable inference that the underlying offense was committed for sexual gratification, we need not find whether it was committed because of sexual compulsion.

11.

Legislature's view that sex offenders require "constant vigilance," and that registration helps thwart crimes against children, who need " 'paramount protection.' " (*People v. Mosley*, (2015) 60 Cal.4th 1044, 1062; *Johnson*, *supra*, 60 Cal.4th at p. 877; *Wright*, at p. 527.) Here, the court noted it imposed sex offender registration upon defendant pursuant to section 290.006 to allow the "public [to] be aware of [defendant's] conviction in this case and be aware of [his] place of residence." Accordingly, the court's imposition of sex offender registration on defendant was neither arbitrary nor capricious.

Here, defendant was 22 years old, approximately eight years older than the 14-year-old victim. The trial court made the reasonable inference based on the record that defendant had sexual intercourse with her for the purpose of sexual gratification. Whether he was unable to ascertain her true age because of his mental capabilities is irrelevant, as protecting the public, including other similarly-aged girls, regardless of his mental capabilities, is a purpose of sex offender registration. Accordingly, we conclude the court did not abuse its discretion when it imposed sex offender registration upon defendant pursuant to the requirements of section 290.006.

## DISPOSITION[5]

The trial court's order is affirmed.

---

**5**    Defendant also argues that, if we find his claim to be forfeited, defense counsel provided ineffective assistance of counsel by failing to request and require the trial court to articulate its findings supporting the imposition of sex offender registration pursuant to section 290.006. However, because we conclude the court did not abuse its discretion when it imposed sex offender registration on defendant pursuant to section 290.006, any objection would have been futile. "Defense counsel's performance cannot be considered deficient if there was no error to object to." (*People v. Eshelman* (1990) 225 Cal.App.3d 1513, 1520.) Further, "[c]ounsel does not render ineffective assistance by failing to make motions or objections that counsel reasonably determines would be futile." (*People v. Price* (1991) 1 Cal.4th 324, 387.) Accordingly, we conclude defense counsel did not provide ineffective assistance of counsel.